No. _____

**In The**
**United States Court of Appeals**
**For the Fourth Circuit**

In re RONDA EVERETT; MELISSA GRIMES; SUTTON CAROLINE; CHRISTOPHER W. TAYLOR, next friends of minor children attending Pitt County Schools; THE PITT COUNTY COALITION FOR EDUCATING BLACK CHILDREN

Petitioners

---

**PETITION FOR A WRIT OF MANDAMUS**
**TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

---

Mark Dorosin
Elizabeth Haddix
Counsel of Record for Petitioners
UNC Center for Civil Rights
CB #3382
Chapel Hill, NC 27599
Telephone: (919) 843-7896

**TABLE OF CONTENTS**

Table of Authorities Cited . . . . . . . . . . . . . . . .   ii

Relief Sought . . . . . . . . . . . . . . . . . . . . . .   1

Issues Presented . . . . . . . . . . . . . . . . . . . .   1

Statement of Facts. . . . . . . . . . . . . . . . . . . .   3

Reasons Why Writ Should Issue . . . . . . . . . . . . . .   9

    a. The district court's order for a single hearing on
    Petitioners' motion on remand and the Board's
    unitary status motion violates the mandate of this
    Court.

    b. The district court's order for a single hearing on
    Petitioners' motion on remand and the Board's
    unitary status motion will unreasonably delay its
    obligation to effectuate the mandate of this Court,
    and eliminate Petitioners' opportunity for a timely
    and meaningful remedy.

    c. The district court's order asserting that the same
    evidence is necessary to rule on Petitioners' motion
    on remand and the Board's unitary status motion is
    contrary to the controlling law of the case and
    violates both the express terms and the spirit of
    this Court's mandate.

Conclusion . . . . . . . . . . . . . . . . . . . . . . .   19

Certificate of Service

Appendix Table of Contents

i

# Table of Authorities

## Cases

*Belk v. Charlotte Mecklenburg v. Bd. Educ.*,
269 F.3d 305 (4th Cir. 2001) . . . . . . . . . . . . . . . 16

*Citibank, N.A. v. Fullam*,
580 F.2d 82 (3rd Cir. 1978) . . . . . . . . . . . 9, 10 16

*Everett v. Pitt County Bd. of Educ.*,
678 F.3d 281 (4th Cir. 2012) . . . . . . . . . . . *passim*

*General Atomic Co. v. Felter*,
436 U.S. 493 (1978) . . . . . . . . . . . . . . . . . 10

*In re Ivan F. Boesky Sec. Litig.*,
957 F.2d 65 (2nd Cir. 1992) . . . . . . . . . . . 10, 11

*United States v. United States District Court*,
334 U.S. 258 (1948) . . . . . . . . . . . . . . . . . 10

*Vendo Co. v. Lekto-Vend Corp.*,
434 U.S. 425 (1978) . . . . . . . . . . . . . . . . . 10

## Statutes

28 U.S.C. § 1651 . . . . . . . . . . . . . . . . . . . . . 9

I.    **RELIEF SOUGHT**

Ronda Everett, Melissa Grimes, Caroline Sutton, Christopher Taylor, and the Pitt County Coalition for Educating Black Children respectfully petition for a Writ of Mandamus to order the U.S. District Court for the eastern District of North Carolina to comply with this Court's May 7, 2012 opinion and June 13, 2012 mandate in *Everett v. Pitt County Bd. of Educ.*, 678 F.3d 281 (4th Cir. 2012) (No. 11-2000).  Petitioners request a Writ directing the district court to immediately hear and independently rule on Petitioners' April 2011 motion to enjoin the implementation of the 2011-2012 student assignment plan ("2011-2012 Plan"), in compliance with this Court's order to place the evidentiary burden on the Pitt County School Board ("Board") to prove how the 2011-2012 Plan moves the school district towards unitary status.

II.   **ISSUES PRESENTED**

In 2011, Petitioners appealed the district court's denial of their motion to prevent the Board from implementing a 2011-2012 student assignment plan that would increase racial isolation in the district, in direct violation of the Board's affirmative duty as a non-unitary district to eliminate the vestiges of segregation throughout its school system.

On appeal, this Court reversed the district court decision because it had failed to apply, and require the Board to rebut,

1

a presumption that any racial disparities in the 2011-2012 Plan resulted from the Board's prior unconstitutional conduct in operating a racially segregated school district before 1970. *Everett v. Pitt Co. Bd. Educ.,* 678 F.3d 281, 284 (4th Cir. 2012); App. 2.  Because there has been no declaration of unitary status, the Court held it is incumbent upon the Board to prove that the 2011-2012 Plan is consistent with controlling desegregation orders and fulfills the Board's affirmative duty to eliminate the vestiges of discrimination and move toward unitary status.  *Everett,* 678 F.3d at 290; App. 13. Accordingly, this Court vacated the district court order and remanded this case for reconsideration of Petitioners' motion with the proper burden of proof. *Everett,* 678 F.3d at 292; App. 16.

In July 2012, the Board filed a Motion for Unitary Status, seeking a retroactive determination of unitary status with respect to student assignment dating back to at least 2000. Motion for Declaration of Unitary Status, *Everett v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2012)(DE 22); App. 87. In September 2012, the district court ordered that it would hear the remand of Petitioners' motion and the Board's motion jointly. *Everett v. Pitt County Bd. of Educ., 6:69-CV-702* (E.D.N.C. Sept. 10, 2012)(DE 112); App. 104. The district court's order for a single hearing on Petitioners' motion on remand and the Board's unitary status motion violates the

express terms and the spirit of this Court's mandate, will unreasonably delay the lower court's obligation to effectuate the mandate, deny Petitioners the opportunity for a timely or meaningful remedy, and is contrary to the controlling law of this case.

### III. <u>STATEMENT OF FACTS</u>

This case arises out of two school desegregation orders issued by the District Court for the Eastern District of North Carolina that Pitt County Schools and Greenville City Schools operated racially segregated, dual and unconstitutional school systems.[1] Following the initial implementation of court-approved desegregation plans, the district court removed the *Teel* and *Edwards* case from the active docket.

In 2006, the Greenville Parents Association ("GPA") filed a complaint with the U.S. Department of Education Office for Civil Rights ("OCR") alleging that the Board's 2006-2007 student assignment plan discriminated against White students because it used racial balancing to reduce racial isolation in elementary schools.  As part of the settlement of that complaint, the

---

[1] *Teel v. Pitt County Board of Education*, Civ. A. No. 569 (E.D.N.C. Feb. 23, 1965)(ordering desegregation of Pitt County Schools) and Order, *Edwards v. Greenville City Board of Education*, Civ. A. No. 702 (E.D.N.C. July 7, 1970)(ordering desegregation of Greenville City Schools). The consolidated "Pitt County Board of Education," was formed following the merger of Pitt County Schools and Greenville City Schools in 1986, and is the successor in interest of the original school board defendants.

district agreed to seek a declaration of the status of the *Teel*
and *Edwards* orders and clarification of its obligations pursuant
to those cases. In a series of filings to the district court in
2008, the Board repeatedly asserted its obligations under the
desegregation orders and acknowledged its status as a non-
unitary district. *Infra,* at 16.

In November 2009, the court approved an interim settlement
agreement between the parties, specifically noting that the
Board had not yet achieved unitary status: "It is time for the
School Board to follow course and fulfill its obligation to
attain unitary status so that it may reclaim complete control
over its schools." *Everett et al. v. Pitt County Bd. of Educ.,*
*6:69-CV-702* (E.D.N.C. Nov. 11, 2009)(DE 73); App. 59. The court
further emphasized the district's continuing obligations to
fully eliminate the vestiges of discrimination, and ordered the
parties to "work toward attaining unitary status so that the
court may relinquish jurisdiction over this case and restore to
the school board full responsibility for the operation of its
schools." *Id*. Finally, the court ordered the parties to submit,
on or before December 31, 2012, "a report detailing the School
Board's efforts and progress in achieving unitary status and
eliminating the vestiges of past discrimination to the extent
practicable." *Id.*

4

On November 15, 2010, the Board selected a 2011-2012 reassignment plan ("2011-2012 Plan"). Petitioners urged the Board to reconsider the selected plan, which projected significant increases in racially-identifiable, non-White schools with low student achievement, and opened the new elementary school as a high-minority, low achieving school. Petitioners asserted the selected plan would violate the court orders and move the district further away from unitary status. On April 19, 2011, Petitioners filed a Motion for Injunctive and Other Appropriate Relief seeking to enjoin the pending implementation of the 2011-2012 Plan on the grounds that it violated the court's controlling desegregation orders and the Board's continuing affirmative duty to desegregate its schools. The motion included a request for an expedited hearing, in light of the approaching 2011-2012 school year. Motion for Injunctive and Other Appropriate Relief, Attorneys Fees, and Costs, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2011)(DE 80); App. 60.

Despite this request, the district court failed to hold a hearing until August 16, 2011, four months after the motion was filed and just nine days before the start of the school year. The district court denied Petitioners' motion, holding they had not satisfied the movant's burden under a preliminary injunction standard. *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-*

5

*702* (E.D.N.C. Aug. 18, 2011)(DE 93-1); App. 73.  After ignoring Petitioners' request for expedited consideration of their motion, the court's order specifically cited the impending start of the upcoming school year as justification for denying the requested relief, which would "certainly cause great disruption" to the school system. *Id. at App. 79*

Petitioners appealed to this Court, which on May 7, 2012, vacated the district court's decision and remanded the case. *Everett,* 678 F.3d 281; App. 1. The Court of Appeals held that because the school district has not yet attained unitary status, the Board bears the evidentiary burden to prove that the 2011-2012 Plan is consistent with the controlling desegregation orders and fulfills its affirmative duty to eliminate the vestiges of discrimination and move the district toward unitary status. In doing so, this Court specifically instructed the district court to (1) reconsider the motion under the appropriate evidentiary burden, and (2) "if appropriate, further develop[] the record." *Everett*, 678 F.3d at 293; App. 15. As to the second point, this Court was clear that consideration of any additional evidence should be limited to the question of whether the 2011-2012 Plan is consistent with controlling school district policy. *Id.*

The Board then petitioned this Court to reconsider its decision *en banc.* That petition was denied on June 4, 2012 and

the Mandate was issued on June 13, 2012. *Everett et al. v. Pitt County Schools*, No. 11-2000 (4th Cir. June 13, 2012) (COA Doc. 39); App. 21. Two days later, Petitioners again moved the district court for expedited consideration of their April 2011 Motion. Motion for Expedited Reconsideration on Remand, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2012)(DE 103); App. 80. In response to that motion, on June 27 the court ordered the parties to submit proposed administrative procedures to guide its consideration of Petitioners' motion in light of the Fourth Circuit's ruling, and specifically "the court's consideration of the parties' claims regarding the defendant School Board's student attendance policy." *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-702* (E.D.N.C. June 27, 2012)(DE 105); App. 86.

On July 6, the Board filed a Motion for Unitary Status, alleging *inter alia,* that the district attained unitary status as early as the year 2000, and that its Motion for Unitary Status (at least with regard to student assignment) be considered at the same time as the remanded hearing on the Petitioners' April 2011 Motion. Motion for Declaration of Unitary Status, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2012)(DE 106); App. 87.

In the Joint Response to the court's June 27 order, the parties were unable to agree on the appropriate scope of the

hearing following the remand from this Court. Joint Response of Plaintiffs and Defendants to the Court's June 27, 2012 Order Regarding Hearing Procedures, *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-702* (E.D.N.C. July 18, 2012)(DE 108); App. 91. Petitioners stated that the only issue before the district court is their April 2011 Motion and that this Court's opinion had reinstated the *status quo ante* of August 2011; that the Board's subsequently filed Motion for Unitary Status has no bearing on the court's consideration of Petitioners' motion; and that allowing the Board to proceed with a unitary status determination at the remand hearing would permit the Board to circumvent its burden to defend the 2011-2012 Plan, in direct contravention of the Fourth Circuit opinion, the controlling law of the case, and the Board's repeated admissions that it has not attained unitary status. *Id.*; App. 94. Conversely, the Board argued that a determination of unitary status "is essential to determining the issues remanded by the Fourth Circuit," and that hearing the issues together would conserve judicial resources. *Id.*; App. 95.

In their response to the Board's Motion for Unitary Status, Petitioners reasserted their arguments that considering the remanded April 2011 Motion and the Motion for Unitary Status at the same time violates the express instructions of this Court's ruling. Petitioners also argued that the Board's assertion that

it may be entitled to a retroactive declaration of unitary status — and thereby has no affirmative duty to defend the 2011-2012 Plan —contravenes the controlling law in the case (including the district court's November 2009 order) as well as numerous on-the-record statements by the Board that the district is not yet unitary. Response to Motion for Unitary Status, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2012)(DE 109);  App. 97.

On September 10, the court issued an order clarifying the scope of the hearing on remand from the Fourth Circuit and the Board's motion for unitary status, ruling that the court will "address these matters together." *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-702* (E.D.N.C. Sept. 10, 2012)(DE 112); App. 107.

### IV.  __REASONS WHY THE WRIT SHOULD ISSUE__

Circuit courts have statutory authority to issue writs of mandamus to compel a district court to comply with a previous appellate order.  "The Supreme Court and all courts established by the Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  As the court noted in *Citibank, N.A. v. Fullam*, "any other rule would severely jeopardize the supervisory role of the

courts of appeal within the federal judiciary system." 580 F.2d 82, 87 (3rd Cir. 1978).

Although the writ of mandamus is generally considered an extraordinary tool to be used sparingly and not as a means of subverting traditional judicial processes or appeals, courts "have uniformly granted such writs in one situation—where the district court has failed to adhere to an order of the court of appeals." *Id.,* at 86-87, citing *General Atomic Co. v. Felter*, 436 U.S. 493 (1978), *United States v. United States District Court*, 334 U.S. 258 (1948).

Courts have consistently recognized that a core function of the writ of mandamus is to ensure that the ruling of an appellate court is properly construed and applied, and that the district court fully and timely executes the provisions of the higher court's mandate. "A district court generally may not deviate from a mandate issued by an appellate court, and the appellate court retains the right to control the actions of the district court where the mandate has been misconstrued or has not been given the full effect." *In re Ivan F. Boesky Sec. Litig.,* 957 F.2d 65, 69 (2nd Cir. 1992). The district court has no discretion in carrying out the mandate, and its actions following remand cannot be "inconsistent with either the express terms or the spirit of the mandate." *Id. See also, Vendo Co. v. Lekto-Vend Corp.,* 434 U.S. 425 (1978) (holding that if a lower

10

court fails to carry out the decree of the appellate court, its
action can be controlled through a writ of mandamus).

### a. The district court's order for a single hearing on Petitioners' motion on remand and the Board's unitary status motion violates the mandate of this Court.

This Court's mandate is clear. The district court must hold
a hearing on Petitioner's motion challenging the 2011-2012 Plan,
placing the burden of proof on the Board to rebut the
presumption that any resulting racial imbalance is a vestige of
the yet un-remedied legacy of the segregated system, and to
demonstrate that its plan moves the district towards unitary
status. In reaching this conclusion, this Court expressly
recognized that the school district is not unitary.

> [I]n the decades following the issuance of *Teel* and
> *Edwards*, the School Board has yet to discharge this
> obligation and demonstrate to the district court its
> attainment of unitary status. To the contrary, the 2009
> Consent Order specifically confirms that the desegregation
> orders in *Teel* and *Edwards* remain effective and applicable.

*Everett*, 678 F.3d at 290; App. 13.

The law of the case, as established by the Court of Appeals
opinion (re-affirming rulings from the district court and
repeated admissions by Board) is that the district is not
unitary.  An independent ruling on Petitioners' motion as
ordered by this Court is a necessary condition precedent to a
subsequent hearing on unitary status. The district court cannot
fairly consider the Board's unitary status motion without first

11

independently considering and substantively ruling on the Petitioners' April 2011 motion. If the Board cannot meet its burden and prove that the 2011-2012 Plan moved the district toward unitary status, then it cannot be declared unitary at this time. Conversely, the district can only be declared unitary if it can first demonstrate that the 2011-2012 Plan fulfills its affirmative duty to eliminate the vestiges of discrimination. If the district court is allowed to collapse these two distinct, independent and necessarily sequential matters into one broad hearing, the mandate of this Court is thwarted and Petitioners are denied an opportunity to a full and proper hearing on their motion and access to meaningful relief.

Additionally, to the extent that the district court contemplates a retroactive determination of unitary status, the district court allows the Board to circumvent this Court's clear mandate that the Board bear the burden of proof in defending the 2011-2012 Plan. A unitary status ruling that applies retroactively to any time prior to the adoption of the 2011-12 Plan would mean that the Board no longer had an affirmative duty to eliminate the vestiges of discrimination when it adopted the Plan, which would directly contravene this Court's ruling and the established law of the case.

As noted above, the Court of Appeals' conclusion that the district is still not unitary is the controlling law of the

12

case, and reinforces repeated admissions by the Board in its filings to the district court since 2008 that the district has not attained unitary status. *See, e.g.,* Defendant's Amended Motion for Court Approval of Student Assignment Plan and School Attendance Area Policy, *Everett et al. v. Pitt County Schools,* 6:69-CV-702-H (E.D.N.C. 2008)(DE 23); App. 35 ("mindful of its obligations under the *Edwards* and *Teel* orders, the . . . Board has for several decades included racial balance as one of the criteria applicable to the establishment of school attendance areas.... The Board contends that the court's orders and continuing jurisdiction in *Edwards* and *Teel,* and the continuing racial isolation of certain schools in Pitt County permitted the board to consider race" in student assignment.); Defendant's Supplemental Memorandum in Support of Motion for Court Approval of Student Assignment Plan and School Attendance Area Policy, *Everett et al. v. Pitt County Schools,* 6:69-CV-702-H (E.D.N.C. 2008)(DE 22); App. 35 ("At present, the Board . . . has not requested a unitary status determination."); Defendant's Motion and Supporting Memorandum for Entry of Consent Order, *Everett v. Pitt County Schools,* 6:69-CV-702-H (E.D.N.C. 2008)(DE 69); App. 51 ("While the Proposed Consent Order would not dispose of the unitary status issue once and for all, it would acknowledge the parties pledge to work together to assist the school board in achieving unitary status.")

13

**b. The district court's order for a single hearing on Petitioners' motion on remand and the Board's unitary status motion will unreasonably delay its obligation to effectuate the mandate of this Court, and eliminate Petitioners' opportunity for a timely and meaningful remedy.**

Timing is critical in any school litigation involving student reassignment. Petitioners are aware that school districts need adequate time to create assignment plans, develop related transportation plans, determine staff assignments, and effectively engage parents and families. Indeed, the record shows that several months preparation time was required for even the limited reassignment implemented in 2011 Motion for Injunctive and Other Appropriate Relief, Attorneys Fees, and Costs, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2011)(DE 80); App. 60. For this very reason, Petitioners have consistently, sought expedited review throughout litigation related to the 2011-2012 Plan. The district court's failure to hold the initial hearing on Petitioners' April 2011 motion until just days before the start of the school year effectively denied them the opportunity for meaningful relief. The court even expressly cited the time issue in its order, lamenting the potential "great disruption" of ruling in Petitioners' favor at that late date. *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-702* (E.D.N.C. Aug. 18, 2011)(DE 93-1); App. 79.

14

Now, the district court has again delayed action, despite this Court's mandate and Petitioners' near simultaneous Motion for Expedited Review. Motion for Expedited Reconsideration on Remand, *Everett et al. v. Pitt County Schools*, 6:69-CV-702-H (E.D.N.C. 2012)(DE 103); App. 80. No information was provided to the parties about the timing or scope of the hearing on remand until September 7, when the judge's clerk emailed counsel to check on their availability for a December hearing. Email from Kimberly A. Swank, Career Clerk to Honorable Malcolm J. Howard, to Plaintiffs' and Defendant's Counsel (Sept. 7, 2012); App. 109. A few days later, the court issued the order that it will simultaneously hear Petitioners' motion on remand and conduct a full unitary status hearing in December, 2012 — a full seven months after this Court's mandate. Even if Petitioners prevail at a December hearing, it is likely the Board will claim that it cannot develop a new assignment plan in time for the 2013-2014 school year, thereby subjecting students to an unconstitutional assignment plan for a third year. *Everett et al. v. Pitt County Bd. of Educ., 6:69-CV-702-H* (E.D.N.C. Sept. 10, 2012)(DE 112); App. 104.

The district court's seven month delay in holding a hearing supports the issuance of a writ of mandamus. The *Citibank* case, like this one, involved an appellate order that the lower court make certain determinations. The Third Circuit was "troubled"

15

by the district judge's four month delay in acting on its order, and found that delay (as well as the fact that the district court failed to hold a hearing in a timely fashion to make the threshold determination required by the mandate) "buttressed" its conclusion that the lower court had failed to comply with its mandate. *Citibank, N.A. v. Fullam*, 580 F.2d at 87-88.  It is clear from this Court's detailed decision and June 7 Mandate that timeliness was vital, "particularly where [the] plan allegedly causes immediate and substantial adverse effects on students." *Everett et al. v. Pitt County Schools*, 678 F.3 at 289; App. 10. (stating that anything less than an immediate resolution "would necessarily, but impermissibly, provide the School Board with latitude to discriminate pending the resolution of some further hearing.") *Id.*

Moreover, further delay is inevitable. The court has yet to issue a scheduling order for the comprehensive hearing contemplated, and no discovery on the Board's unitary status motion has occurred. The determination of unitary status is a complex, fact intensive analysis on a broad range of factors over time. *Belk v. Charlotte Mecklenburg v. Bd. Educ.,* 269 F.3d 305, 312 (4th Cir. 2001).  When a unitary status motion was filed in this case in 2008, the court entered a scheduling order that included nine months of discovery with substantially expanded parameters.  It is reasonable to expect that a similar

16

schedule will be required here, such that the proposed hearing
will not occur before the spring of 2013.

> **c. The district court's order asserting that the same
> evidence is necessary to rule on Petitioners' motion
> on remand and the Board's unitary status motion is
> contrary to the controlling law of the case and
> violates both the express terms and the spirit of this
> Court's mandate.**

The Fourth Circuit's instructions on remand are clear: the
district court is to determine whether the Board can meet its
evidentiary burden "to establish that the 2011-12 Assignment
Plan moves the school district *toward* unitary status." *Everett*,
678 F.3d at 288; App. 15 (emphasis in original). This Court did
allow for possible further development the record-- but only on
the competing factual allegations regarding the application of
Board's student assignment policy, Policy 10.107, *to the 2011-
2012 Plan. Everett,* 678 F.3d at 291-2; App. 15. This Court's
instructions make plain that the only issue before the district
court on remand is the consideration, with the correct burden of
proof, of the 2011-2012 Plan.

In addition to the express language of the mandate and the
instructions on remand, the Court of Appeals reaffirmed the
controlling law of the case regarding unitary status:

> . . . the School Board has yet to discharge this obligation
> and demonstrate to the district court its attainment of
> unitary status. To the contrary, the 2009 Consent Order
> specifically confirms that the desegregation orders in *Teel*
> and *Edwards* remain effective and applicable. . . . Indeed
> the 2009 Consent Order expressly orders the School Board

17

"to work toward attaining unitary status."... there is no dispute that the school district has not attained unitary status.

*Id.* at 290; App. 13.

Given this unambiguous statement, the district court's decision to consider the broad scope of evidence related to a full unitary status hearing violates the instructions of this Court. As affirmed by the Court's opinion, the district court, and by countless admissions by the Board in court filings and public statements, the district is not unitary and was not unitary when it adopted the 2011-2012 Plan.  With that foundation incontrovertibly established, the district court's analysis on remand is limited to evaluating the impact of the 2011-2012 Plan on the eliminating the vestiges of race discrimination in the district.  The court's review and determination of the Petitioners' motion should therefore be focused on the student assignment demographics and racial imbalances at the time the plan was adopted and the related impacts following its implementation — that is, whether the 2011-2012 Plan moved the district toward unitary status.  The controlling law of the case, as affirmed by this Court's ruling, leaves room for no other interpretation of the mandate.  The district court order folding the unitary status motion into its consideration of the Petitioners' motion is therefore inconsistent with and undermines this Court's ruling.

18

## V.   __CONCLUSION__

Petitioners respectfully request that this Court issue a Writ of Mandamus ordering the district court to comply with the May 7, 2012 opinion and June 13, 2012 mandate in *Everett et al. v. Pitt County Bd. of Educ.* and to immediately hold a separate and independent hearing, and issue a separate and independent ruling on Petitioners' April 2011 motion challenging the 2011-2012 Plan.

Respectfully submitted, this the 9th day of October, 2012.

/s/ Mark Dorosin
Mark Dorosin, N.C. State Bar No. 20935

/s/ Elizabeth Haddix
Elizabeth Haddix, N.C. State Bar No. 25818

Attorneys for Plaintiffs
UNC Center for Civil Rights
CB #3382
Chapel Hill, North Carolina 27599
dorosin@email.unc.edu
emhaddix@unc.edu
Telephone: (919) 843-7896
Facsimile: (919) 445-0195

19

## Certificate of Service

The undersigned hereby certifies that the foregoing

PETITION FOR WRIT OF MANDAMUS was served upon the parties named

listed below by placing a copy of same in the U.S. Mail, First

Class Postage Paid, addressed to:

> The Honorable Malcolm. J. Howard
> US District Court, Eastern District of NC
> 201 South Evans St.
> Greenville, NC 27858
>
> Kenneth A. Soo
> Deborah Stagner
> 209 Fayetteville Street Mall
> P.O. Box 1151
> Raleigh, NC 27602-1151
> *Attorneys for Pitt County Board of Education*

This the 9th day of October, 2012.

/s/ Mark Dorosin
Mark Dorosin, NC Bar # 20935